OPINION
{¶ 1} Defendant-appellant Crystal Shern appeals from her conviction and sentence, following a no-contest plea, on one count of Receiving Stolen Property. Shern's assigned counsel has filed a brief pursuant toAnders v. California (1967), 386 *Page 2 
U.S. 738, indicating that he could not find any potential assignments of error having arguable merit. By entry filed herein on September 19, 2007, we afforded Shern the opportunity to file her own, pro se brief within sixty days. She has not done so.
 {¶ 2} We have performed our duty, under Anders v. California, supra, to review the record independently. As part of that review, we have watched the videotape of the plea and sentencing hearings. We have not been able to find any potential assignments of error having arguable merit.
 {¶ 3} Shern was charged in the seventh count of a seven-count indictment. The other counts in the indictment charged Duane Walker with Murder and related offenses involving a robbery on January 15-16, 2007, and Robert Connaughton with Burglary and related offenses involving the same robbery. The seventh count charged Shern with Receiving Stolen Property, being the property of the victim of the alleged Murder and Burglary, on January 16, 2007.
 {¶ 4} Shern initially pled not guilty, but later changed her plea to no contest. We have reviewed the videotape of the plea hearing. The trial court accorded Shern a full plea colloquy, in compliance with all the requirements of Crim. R.11. Shern accepted full responsibility for her offense. Shern acknowledged that she had discussed with her attorney the elements of the offense that the State would be required to prove beyond reasonable doubt, and that she was satisfied with her attorney's representation.
 {¶ 5} We have reviewed the videotape of the subsequent sentencing hearing. The trial court accorded Shern and her counsel a full opportunity to address the court. In announcing the decision to impose the maximum, twelve-month sentence, the trial court noted the circumstances of the offense, which included entering the residence of *Page 3 
the decedent, noticing him lying dead on the floor, and neither doing anything to assist him, nor notifying the authorities, while stealing the decedent's property. The trial court also noted that Shern had acknowledged the role that her drug addiction played in her poor decision-making, told Shern that treatment for her drug addiction would be available in the institution, and encouraged Shern to make full use of the treatment available to her. The trial court also ordered restitution in the amount of $100.
 {¶ 6} Based upon our review of the record, we find no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. The judgment of the trial court is Affirmed.
 BROGAN and GRADY, JJ., concur. *Page 1